UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES AWUSIN INKO-TARIAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  23-01643 (UNA) |
| ) | |
| ) | |
| MURIEL BOWSER *et al*., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring immediate dismissal of a frivolous action).

Plaintiff, a District of Columbia resident, has brought a tort action against D.C. Mayor Muriel Bowser and Keven Vordran, identified as "Director of FBI, Washington Field Office." Compl., ECF No. 1 at 2.  Plaintiff alleges the following.  In March 1994, then-U.S. Magistrate Judge Deborah A. Robinson of this Court committed Plaintiff to St. Elizabeths Hospital for evaluation and treatment.  "[O]ne day between 1997-1998," during the commitment period, "a white man in doctor's garment . . . suspected to be either FBI or CIA agent sneakily injected" Plaintiff's "molar gum with a tiny microchip without his consent or permission in order to better track his movement for life under the guise of dental cleaning in violation of privacy[.]" *Id*. at 2-3.  Plaintiff faults the District for enabling "the U.S. government agencies especially the FBI to carry out constant surveillance" of his life "for 26 years by means of remote electronic surveillance." *Id*. at 3.  The allegations continue in this peculiar manner.  *See id*. at 3-4.  Plaintiff

seeks from each defendant "compensatory damages of $10 million" and "punitive damages of $20 million . . . for the violation of his constitutional right to privacy and violation of DC Privacy Laws for 26 years and counting possibly for the remainder of his natural life[.]" *Id*. at 9.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The instant complaint satisfies this standard and therefore is dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 11, 2023

_____
TREVOR N. McFADDEN
United States District Judge